908 F.2d 975
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES Of America, Plaintiff-Appellee,
v.
Ted F. OWENS, Defendant-Appellant.
 No. 89-3801.
 United States Court of Appeals, Seventh Circuit.
 Argued June 15, 1990.
Decided July 18, 1990.
 
 Before WALTER J. CUMMINGS, FRANK H. EASTERBROOK and DANIEL A. MANION, Circuit Judges.
 
 ORDER
 
 1
 In August 1989 an indictment was returned against Ted F. Owens, the appellant herein, and Scott C. Hyke. Count I charged both men with conspiracy in violation of 21 U.S.C. Sec. 846 by agreeing (a) to possess cocaine with intent to distribute and (b) to distribute it. Count II charged only Hyke with distributing one-half pound of cocaine in violation of 21 U.S.C. Sec. 841(a)(1). Hyke pleaded guilty to Count II just before the trial in which he was to be prosecuted as Ownes' co-defendant. Owens did not plead and was convicted by a jury of Count I in October 1989. Owens received a 70-month sentence. He alleges three errors.
 
 Pertinent facts
 
 2
 John Kizer was the first government witness. He testified that in late 1985 or early 1986 he was purchasing cocaine from Hyke in California and sending it to Brian McNeary in Wisconsin. The government introduced evidence that could lead the jury to conclude that Owens was the source of this cocaine.
 
 
 3
 In 1986 or 1987, Hyke introduced Matthew Mattila, a Wisconsin resident, to Owens, and Mattila commenced purchasing cocaine from Hyke. Mattila would then resell the cocaine. At Hyke's direction Mattila made three trips to California to obtain cocaine from Owens.
 
 
 4
 In the fall of 1988, Kizer pleaded guilty to drug conspiracy charges in the Western District of Wisconsin and agreed to cooperate with Wisconsin Department of Criminal Investigation Special Agent David Matthews in the investigation of Hyke and Mattila. On September 21, 1988, Kizer met Hyke and told him he had a friend (David Matthews) who was looking for a local cocaine supplier. Hyke referred Kizer to Mattila. On September 28, Kizer met with Hyke in another attempt to introduce Matthews as a cocaine purchaser. On this occasion Hyke told Kizer that Hyke's cocaine source was still defendant Owens. The next day Kizer introduced Agent Matthews to Mattila and Hyke. Kizer then had no further contact with either person. Thereafter Mattila sold four ounces of cocaine to Matthews on four occasions after obtaining it from Hyke. On January 25, 1989, Mattila sold another eight ounces of cocaine to Matthews which Mattila had obtained from Hyke. Mattila was then arrested and agreed to cooperate with the Government and subsequently delivered $9,000 to Hyke as payment for the cocaine while Agent Matthews was present.
 
 
 5
 During the first part of January 1989 Owens met Hyke in Wisconsin and then returned to California. From January 11 through mid-February, Owens called Hyke ten times and Hyke called Owens twice.
 
 
 6
 Owens claims three reversible errors. The first concerns the admission of certain hearsay, the second concerns the failure to give an instruction and permit comment to the jury about a missing witness, and the third concerns sentencing.
 
 Hearsay evidence
 
 7
 Owens' first complaint involves a September 28, 1988, conversation between Kizer and Hyke in his Wisconsin shop. Owens asserts that the district court should not have permitted the following testimony of Kizer to be heard by the jury:
 
 
 8
 Kizer: I was still trying to introduce the agent (Matthews) in some manner--some way.
 
 
 9
 Prosecutor: Did Mr. Hyke make any statement to you at that time as to where he was obtaining his cocaine?
 
 
 10
 A Yes. He said he was still getting it from the same person that he was getting it from when he was out there with me.
 
 
 11
 Q Did he name that person?
 
 A He then named Ted (Owens). (Tr. 80.)
 
 12
 Judge Shabaz said that he was admitting the hearsay statement as in furtherance of the conspiracy, citing United States v. Shoffner, 826 F.2d 619 (7th Cir.1987), certiorari denied, 484 U.S. 958. Tr. 47. This was a permissible ruling because this statement by Hyke to Kizer was in furtherance of the conspiracy among Hyke, Owens, and Mattila. As the Assistant U.S. Attorney explained in urging the admissibility of this evidence, the statement in question would further the conspiracy by letting Kizer know there was a steady source in California whose track record could be verified. This Court has found that among drug dealers such topics as "reassuring each other of trustworthiness" and "discussing the current status of the conspiracy" are in furtherance of drug-dealing conspiracies. United States v. Mealy, 851 F.2d 890, 901 (1988). Under the co-conspirator exception to the hearsay rule, Rule 801(d)(2)(E), and the Confrontation Clause of the Sixth Amendment, the government was not required to show that Hyke was unavailable as a condition to admission of his out-of-court statement to Kizer. United States v. Inadi, 475 U.S. 387, 400. Finally, it is immaterial that at the time of Hyke's statement, Kizer was cooperating with the Government. See Shoffner, supra, in which the witness, Ruth Ann Wright, was a Government informant. The critical fact is that Hyke was still a member of the conspiracy.
 
 
 13
 Refusal to give a missing witness instruction and to allow argument to the jury on that issue.
 
 
 14
 The district court refused to give a missing witness instruction with respect to Scott Hyke's absence from the trial and also refused to allow a comment to the jury about his absence during closing argument. Neither ruling constituted an abuse of discretion. As the district court found, Hyke was equally available to both sides for testimony. Therefore a missing witness instruction was unnecessary. United States v. Mahone, 537 F.2d 922, 926 (7th Cir.1976), certiorari denied, 429 U.S. 1025.
 
 
 15
 Not only was Hyke available to both sides but he was also a close friend of Owens' and in pleading guilty he was receiving prosecutorial cooperation. In this situation, his testimony could have been equally balanced and perhaps explains why neither side chose to call him. It was not an abuse of discretion to refuse to allow defense counsel to argue to the jury about the government's failure to call Hyke as a witness. United States v. Keplinger, 776 F.2d 678, 702-703 (7th Cir.1985), certiorari denied, 476 U.S. 1183.
 
 Propriety of sentence
 
 16
 The quantity of controlled substance involved in a cocaine transaction is a sentencing determination for the sentencing judge. United States v. Ross, No. 89-2705, slip op. at 9 (7th Cir. June 20, 1990). A defendant convicted of a conspiracy narcotics charge is accountable for purposes of sentencing for all drug transactions that he was aware of or should have reasonably foreseen. Id. Owens received a 70-month sentence followed by a five-year term of supervised release. The district court determined that Owens was involved in transactions totaling 611.37 grams of cocaine. The court meticulously reviewed the evidence supporting this determination before placing defendant in criminal history category I, resulting in a guideline imprisonment range from 63 to 78 months. We have carefully reviewed the findings of the district judge to support his conclusion that the cocaine transactions in this case were part of a course of conduct in which Owens was the source for the cocaine. Judge Shabaz's calculations that the total amount of cocaine involved was 611.37 grams were fully supported by the record. Consequently, defendant was appropriately sentenced.
 
 
 17
 Judgment of conviction affirmed.